**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **Harry Neal Albritton, Jr.,** | ) | **CASE NO. 1: 24 CV 1698** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | <u>**Memorandum of Opinion and Order**</u> |
| **City of Cleveland,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

*Pro se* Plaintiff Harry Neal Albritton, Jr. has filed an *in forma pauperis* civil complaint in this case against the City of Cleveland. (Doc. No. 1.) In his complaint, he contends that "the city did not do their job" in handling the expungement of the record in a criminal case that was brought against him and subsequently dismissed. (*Id*. at 2.) He contends he has suffered damages in pain and suffering and lost wages as the result of having an F1 aggravated burglary improperly on his record due to the City's failure to properly handle his expungement. He asserts a claim for "negligence" and seeks $10,000,000 in damages. (*Id*.)

For the following reasons, the Court must dismiss his complaint.

Federal courts are courts of limited jurisdiction and "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "If the court

determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

There are two basic categories of cases over which federal courts have subject matter jurisdiction. First, a federal court has federal question jurisdiction which is jurisdiction over cases that "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Mich. South. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). Second, a federal court has "diversity" jurisdiction which is jurisdiction over cases "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332.

Plaintiff's complaint does not allege a discernible cause of action arising under federal law. Rather, the only discernible cause of action alleged on the face of his complaint is negligence, which is a cause of action arising under state tort law. Plaintiff's pleadings do not establish a basis for this Court to exercise diversity jurisdiction over this claim because the pleadings on their face demonstrate that the parties (plaintiff and the City) are both citizens of the same state, Ohio.

**Conclusion**

Accordingly, there being no basis for an exercise of federal subject matter jurisdiction in this case, the action is hereby dismissed pursuant to Fed. R. Civ. P. 12(h)(3).[1] The Court further certifies, pursuant to 28 U.S.C. 1915(a)(3), that an appeal from this decision could not be taken

---

[1] This dismissal is without prejudice to Plaintiff's filing his negligence claim in state court.

in good faith.

    IT IS SO ORDERED.

Dated: 1/6/25

        /s/ Patricia A. Gaughan
        PATRICIA A. GAUGHAN
        United States District Judge